IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-03023-BNB

FERNANDO LOPEZ RIVERA, misspelled as
FENANDO LOPEZ RIVERA, also known as
FERNANDO LOPEZ-RIVERA,

    Applicant,

v.

MARK MUNSON[,] Acting Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Fernando Lopez Rivera, also known as Fernando Lopez-Rivera, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence, as well as a supporting brief.

    On January 14, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Rivera to show cause within thirty days why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the Eastern District of California (Eastern District of California). On February 17, 2010, Mr. Rivera filed his response to the order to show cause.

    The Court must construe Mr. Rivera's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Rivera was convicted pursuant to a plea agreement on drug-related charges and sentenced in the Eastern District of California to 140 months of imprisonment and 48 months of supervised release. *See United States v. Rivera*, No. 05-CR-00018-EJG-1 (E.D. Calif. June 9, 2006). Judgment was entered on the docket on June 20, 2006. Mr. Rivera did not file a direct appeal or a § 2255 motion challenging the validity of his conviction and sentence. In the instant action, he argues that his plea agreement was breached because he only agreed to a 120-month sentence, not a 140-month sentence.

In his response to the show-cause order, Mr. Rivera argues that § 2241 relief is available to him in this Court. In support of his argument, he cites to *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979), which held that § 2241 is the proper procedural vehicle to bring a claim attacking the execution of a federal sentence, and not § 2255, which is the proper vehicle to attack the sentence itself. Mr. Rivera is challenging the sentence imposed in the Eastern District of California. Therefore, his remedy is with the court where he was convicted and sentenced and not with the court in the district where he is confined.

As Magistrate Judge Boland informed Mr. Rivera in the January 14 show-cause order, the purposes of an application for a writ of habeas corpus pursuant to § 2241

and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Rivera fails to demonstrate or allege that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that a § 2255 motion may be time-barred in the sentencing court, *see* 28 U.S.C. § 2255(f), does not render it inadequate or ineffective. Therefore, the habeas corpus application will be denied and this action dismissed because Mr. Rivera has an adequate and effective remedy for attacking his sentence pursuant to § 2255 in the sentencing court. Accordingly, it is

3

ORDERED that the habeas corpus application filed by Applicant, Fernando Lopez Rivera, also known as Fernando Lopez-Rivera, is denied and the action dismissed because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 for attacking the sentence imposed by the sentencing court, the United States District Court for the Eastern District of California.

DATED at Denver, Colorado, this 23rd day of February, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03023-BNB

Fernando Lopez Rivera
Reg No. 15542-097
FCI - Florence
P.O. Box 6000
Florence, CO 81226


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/23/10


GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk